UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PETER J. HELFRICH,

        Plaintiff(s),

vs.

DWIGHT NEVEN, et al.,

        Defendant(s).

Case No. 2:14-cv-01725-RFB-NJK

ORDER

(Docket Nos. 16, 59)

Pending before the Court is Plaintiff's motion to extend prison copy work limits, filed on November 13, 2014. Docket No. 16. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 16, 19, 23.

Also pending before the Court is Plaintiff's motion to extend prison copy work limits, filed on February 9, 2015. Docket No. 59. Defendants did not file a response. *See* Docket. Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

For the reasons discussed below, the Court **DENIES** Plaintiff's motion to extend prison copy work limits at Docket No. 16, and **GRANTS** Plaintiff's motion to extend prison copy work limits at Docket No. 59.

**I. Background**

Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. On October 29, 2014, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915A(a), and stayed the action for ninety

1  days to allow the parties an opportunity to settle the dispute. Docket No. 8. The Court also granted
2  Plaintiff a $5 increase of his copy work limit. *Id.*, at 8. On November 13, 2014, Plaintiff filed a
3  motion requesting an additional $45 increase in his copy work limit. Docket No. 16. Defendants
4  objected to Plaintiff's motion because the case was stayed and no papers were to be filed during the
5  stay. Docket No. 19.

6  On January 30, 2015, the parties participated in an inmate early mediation conference, but
7  no settlement was reached. Docket No. 46. The case returned to its normal litigation track. *Id.* On
8  February 5, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*. Docket No.
9  54. On February 9, 2015, Plaintiff filed a second motion to extend prison copy work limits. Docket
10 No. 59. Plaintiff requests "a reasonable allowance" of copy work for documents relevant to this
11 proceeding, including pleadings, motions, responses, replies, and notices. *Id.*, at 2. Defendants did
12 not file a response. *See* Docket.

13 **II. Analysis**

14 Plaintiff asks the Court to order the Nevada Department of Corrections ("NDOC") to increase
15 his prison photocopy budget. Docket Nos. 16, 59. Plaintiff does not have a constitutional right to
16 free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) (*citing Sands v. Lewis*, 886
17 F.2d 1166, 1169 (9th Cir.1989) ("numerous courts have rejected any constitutional right to free and
18 unlimited photocopying")). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can
19 only accrue a maximum of $100 debt for copy work expenses for all cases, not per case."[1] The Ninth
20 Circuit has concluded that "an inmate has a right to photocopying . . . when, and only when,
21 necessary to guarantee him meaningful access to the courts." *Hiser v. Franklin*, 94 F.3d 1287, 1294
22 n. 6 (9th Cir. 1996). In this District, a court can order a prison to provide limited photocopying
23 "when it is necessary for an inmate to provide copies to the court and other parties." *Allen v. Clark*
24 *Cnty. Det. Ctr.*, 2011 WL 886343, at *2 (D. Nev. Mar. 11, 2011) (finding plaintiff demonstrated a
25 need to increase the copy work limit when he provided a copy of his inmate account statement
26 showing a negative balance of $199 and the case was pending appeal before the Ninth Circuit).

---

28  [1] The regulation also provides that carbon paper shall be made available to any inmate who requests it for legal purposes.

- 2 -

Here, Plaintiff has shown the need for additional photocopying. Plaintiff has represented that the he has already used the $5 increase in his copy work budget that he was granted on October 29, 2014. *See* Docket No. 16. Plaintiff attached over 100 pages of "exhibits" to his first motion to illustrate his need for an increase in his copy work budget. *See* Docket No. 16. These "exhibits" appear to be the photocopies that Plaintiff made with his copy work budget. Plaintiff represents that the cost of copying is $0.10 per page. *Id.*, at 4. Because this case is in the early stage of litigation, Plaintiff has demonstrated the need to have his prison copy work limit increased by $10. The Court advises Plaintiff, however, that he should use his copying privileges sparingly, and utilize carbon paper to duplicate documents when possible.

### III. Conclusion

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion for order to extend prison copy work limits (Docket No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for order to extend prison copy work limits (Docket No. 59) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Nevada Department of Corrections shall increase Plaintiff's copy work limit so that he is allotted an additional $10 worth of copy privileges.

DATED: March 5, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge