UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. HELFRICH, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:14-cv-01725-RFB-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| DWIGHT NEVEN, et al., ) | (Docket No. 76) |
| ) | |
| Defendant(s). ) | |
| ) | |

Pending before the Court is Plaintiff's motion to extend prison copy work limits, filed on March 12, 2015. Docket No. 76. The Court has considered Plaintiff's motion and Defendants' response. Docket Nos. 76, 81. For the reasons discussed below, the Court **DENIES** Plaintiff's motion to extend prison copy work limits.

**I. Background**

Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. On October 29, 2014, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915A(a), and stayed the action for ninety days to allow the parties an opportunity to settle the dispute. Docket No. 8. The Court also granted Plaintiff a $5 increase of his copy work limit. *Id.*, at 8. On November 13, 2014, Plaintiff filed a second motion requesting an additional $45 increase in his copy work limit. Docket No. 16. Defendants objected to Plaintiff's motion because the case was stayed and no papers were to be filed during the stay. Docket No. 19.

. . .

On January 30, 2015, the parties participated in an inmate early mediation conference, but no settlement was reached. Docket No. 46. The case returned to its normal litigation track. *Id.* On February 5, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 54. On February 9, 2015, Plaintiff filed a third motion to extend prison copy work limits. Docket No. 59. Plaintiff requested "a reasonable allowance" of copy work for documents relevant to this proceeding, including pleadings, motions, responses, replies, and notices. *Id.*, at 2. On March 5, 2015, the Court granted Plaintiff's third motion to extend his prison copy work limits and ordered the Nevada Department of Corrections ("NDOC") to increase Plaintiff's copy work limit by $10. Docket No. 70.

One week after the Court increased Plaintiff's copy work limit, Plaintiff filed the instant motion–his fourth–to extend his prison copy work limit. Docket No. 76. Plaintiff requests an additional $35 increase. *Id.*, at 2. Defendants filed a response arguing that Plaintiff's motion should be denied because he has not demonstrated a need for additional photocopying, does not have a constitutional right to free photocopying, and has "demonstrated irresponsibility with the two extensions that this Court has already granted." Docket No. 81, at 3-4. Plaintiff did not file a reply. *See* Docket.

**II. Analysis**

Plaintiff has filed four motions to extend prison copy work limits in a five-month time period. *See* Docket Nos. 3, 16, 59, 76. The Court has granted two of those motions and increased Plaintiff's copy work limit by $15. *See* Docket Nos. 8, 70. In the pending motion, Plaintiff asks the Court to order the NDOC to increase his prison photocopy budget by an additional $35. Docket No. 76.

The Court previously told Plaintiff that he does not have a constitutional right to free photocopying. *See* Docket No. 70, at 2; *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) (*citing Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying")). The Ninth Circuit has concluded that "an inmate has a right to photocopying . . . *when, and only when*, necessary to guarantee him meaningful access to the courts." *Hiser v. Franklin*, 94 F.3d 1287, 1294 n. 6 (9th Cir. 1996) (emphasis added). In this District, a court may order a prison to provide limited photocopying "when it is necessary for

- 2 -

1  an inmate to provide copies to the court and other parties." *Allen v. Clark Cnty. Det. Ctr.*, 2011 WL
2  886343, at *2 (D. Nev. Mar. 11, 2011) (finding plaintiff demonstrated a need to increase the copy
3  work limit when he provided a copy of his inmate account statement showing a negative balance of
4  $199 and the case was pending appeal before the Ninth Circuit).

5        Here, Plaintiff has not shown the need for additional photocopying. First, Plaintiff has not
6  provided a copy of his inmate account statement showing that there are insufficient funds for
7  Plaintiff to provide copies to the court and other parties. *See* Docket No. 76. Second, Plaintiff has
8  not used his copy privileges sparingly, as the Court previously advised. *See* Docket No. 70. Since
9  Plaintiff filed the instant motion on March 12, 2015, he has filed 13 additional motions, consisting
10 of over 250 pages. Docket Nos. 85, 86, 89, 90, 91, 95, 96, 97, 101, 105, 106, 107, 108. At this time,
11 Plaintiff has not demonstrated the need to have his prison copy work limit increased. The Court
12 again advises Plaintiff that he should use his copying privileges sparingly, and utilize carbon paper
13 to duplicate documents when possible.

14 **III. Conclusion**

15       Accordingly,

16       **IT IS HEREBY ORDERED** that Plaintiff's motion for order to extend prison copy work
17 limits (Docket No. 76 ) is **DENIED**.

18       DATED: April 29, 2015

                                              NANCY J. KOPPE
                                              United States Magistrate Judge