UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. HELFRICH,<br><br>   Plaintiff(s),<br><br>vs.<br><br>DWIGHT NEVEN, et al.,<br><br>   Defendant(s). | Case No. 2:14-cv-01725-RFB-NJK<br><br>ORDER<br><br>(Docket Nos. 86, 91, 108, 137, 140) |

**I. BACKGROUND**

  Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. On October 29, 2014, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915A(a), and stayed the action for ninety days to allow the parties an opportunity to settle the dispute. Docket No. 8. On January 30, 2015, the parties participated in an inmate early mediation conference, but no settlement was reached. Docket No. 46. The case returned to its normal litigation track. *Id.* On April 6, 2015, the Court issued a scheduling order in this case. Docket No. 83. Presently before the Court is Plaintiff's motion for an order directing NDOC to disclose certain information (Docket No. 86); motion to appoint experts (Docket No. 91); motion to amend the scheduling order (Docket No. 108); and motions for copies (Docket Nos. 137, 140). The Court will address each motion below.

**II. MOTION FOR ORDER DIRECTING NDOC TO DISCLOSE (Docket No. 86)**

  Pending before the Court is Plaintiff's motion for a court order directing the Nevada Department of Corrections ("NDOC") to disclose the names, ID number, and mailing address of

1  certain inmate witnesses. Docket No. 86. Defendants filed a response and Plaintiff filed a reply.
2  Docket Nos. 116, 128.

3        Plaintiff requests an order directing NDOC to disclose the names, ID number, and mailing
4  address of all inmate witnesses that attended the prison law library "at or around 8:15 am on
5  9/24/2015." Docket No. 86, at 2. Plaintiff also requests that information for inmates Mike Hardy,
6  Edward Garza, Brian Lepely, David Coe, Daniel Meyer, Anthony Tyler, Thomas Giron, Hogal Israell
7  Cahuec, and Steven Braunstein. *Id.*, at 2. Plaintiff represents that he needs this information to
8  collect affidavits and interrogatories. *Id.*, at 2.

9        Pursuant to the scheduling order entered on April 6, 2015, the discovery deadline is July 6,
10 2015. Docket No. 83, at 2. Thus, Plaintiff is permitted to seek discovery from Defendants pursuant
11 to the scheduling order. Defendants represent that, pursuant to Administrative Regulation 750.04(1),
12 correspondence between inmates is prohibited unless they are co-parties. Docket No. 116, at 3;
13 Docket No. 116-1, at 9 ("Legal correspondence between NDOC incarcerated persons is allowed if
14 they are co-defendants or co-plaintiffs in active post conviction litigation or pursuant to court order
15 is also allowed"). Therefore, Defendants propose that they will contact the named inmates to procure
16 their declarations concerning their observations of the morning of September 24, 2014, and submit
17 them to Plaintiff. Docket No. 116, at 3. Accordingly, Plaintiff's motion for an order directing
18 NDOC to disclose (Docket No. 86) is **DENIED** as moot.

19 **III.    MOTION TO APPOINT EXPERTS  (Docket No. 91)**

20       Pending before the Court is Plaintiff's motion to appoint expert dental and medical witnesses.
21 Docket No. 91. Defendants filed a response. Docket No. 113. No reply was filed. *See* Docket.
22 While Plaintiff's motion is titled a motion to appoint experts, it appears that Plaintiff is actually
23 requesting the Court to reconsider its Order at Docket No. 84, denying his motion for appointment
24 of counsel. Docket No. 91, at 13 ("It is obvious that 'appointed counsel' will have a much better
25 opportunity to obtain an expert than would an indigent prisoner"). In that Order, the Court found
26 that Plaintiff had not established that he is likely to succeed on the merits, or that the legal issues
27 involved are too complex to be presented adequately without assistance of counsel. Docket No. 84.
28 The Court also noted that in Plaintiff incorrectly cited Third Circuit case law and that it would apply

- 2 -

the standard adopted by the Ninth Circuit in determining a motion for appointment of counsel. *Id.*

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). Plaintiff's motion to reconsider does not cite, let alone attempt to comply with, the applicable standards. Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Accordingly, Plaintiff's motion to appoint expert dental and medical witnesses (Docket No. 91) is hereby **DENIED**.

### IV.   MOTION TO AMEND SCHEDULING ORDER  (Docket No. 108)

Also pending before the Court is Plaintiff's motion to amend the scheduling order. Docket No. 108. Defendants filed a response. Docket No. 126. No reply was filed. *See* Docket. The current deadline for discovery is July 6, 2015. Docket No. 83, at 2. Plaintiff seeks to extend the discovery deadline by 60 days, to September 4, 2015.[1] Docket No. 108. Plaintiff represents that additional time is needed because he plans on adding new defendants in his amended complaint and will need to "properly conduct discovery" on all new defendants. *Id.*, at 3. Defendants argue that the Court should not address Plaintiff's motion to amend the scheduling order until the Court addresses Plaintiff's motion for leave to file an amended complaint. Docket No. 126, at 3. On May 26, 2015, however, the Court granted Plaintiff's motion for leave to file an amend his complaint, giving Plaintiff until July 15, 2015, to file a final amended complaint. *See* Docket No. 139, at 3. Accordingly, for good cause shown, the Court hereby **GRANTS** an extension of the discovery deadline by sixty days, to September 4, 2015.

### V.   MOTIONS FOR COPIES  (Docket Nos. 137, 140)

Pending before the Court are Plaintiff's motions for copies. Docket Nos. 137, 140. First, Plaintiff requests an order compelling the Clerk of the Court to provide him a copy of his Second Amended Complaint (Docket No. 85) and his Disciplinary Form III, OIC 388839. Docket No. 137.

---

[1] Plaintiff incorrectly calculated this date as Sunday, September 6, 2015. *See* Docket No. 108, at 2.

1  Plaintiff represents that he previously requested a copy of his Second Amended Complaint, but that
2  he received the wrong documents. *Id.*, at 3. Defendant filed a notice of non-opposition to this
3  request. Docket No. 145. Second, Plaintiff requests copies of all exhibits on file in this case.
4  Docket No. 140.

5  Plaintiff also mentions that he has not received a copy of the Federal Rules of Civil Procedure
6  that was ordered for him. Docket No. 137, at 2. Plaintiff requests that the High Desert State Prison
7  either give him the copy or reimburse him. *Id.*, at 2. On May 26, 2015, the Court held a hearing and
8  ordered Defendants to file a supplement describing what happened to the copy of the Federal Rules
9  of Civil Procedure, no later than July 2, 2015. *See* Docket No. 139, at 5. The Court noted that it
10 found "it appropriate for the Prison to replace the Materials, which the Prison either has in its
11 possession or has disposed of." *Id.*, at 5. Accordingly, Plaintiff's request regarding these materials
12 is **DENIED** as moot.

13 The Court previously cautioned Plaintiff that the statute providing authority to proceed *in*
14 *forma pauperis*, 28 U.S.C. § 1915, does not include the right to obtain court documents without
15 payment. *See* Docket No. 111. Pursuant to Local Rule LSR 1-8, "[t]he granting of an application
16 to proceed *in forma pauperis* does not waive the applicant's responsibility to pay expenses of
17 litigation which is not covered by 28 U.S.C. § 1915." As such, Plaintiff does not have the right to
18 obtain free copies of his Second Amended Complaint, his Disciplinary Form, and every exhibit filed
19 in this case. Plaintiff states that he needs the copies in order to finalize his amended complaint, but
20 has not provided a copy of his inmate balance sheet to demonstrate he cannot afford to pay for the
21 copies. Accordingly, Plaintiff's motions for copies (Docket Nos. 137, 140) are **DENIED** without
22 prejudice.

23 **VI.   CONCLUSION**

24 Based on the foregoing:

25 IT IS SO ORDERED:

26 1. Plaintiff's motion for a court order directing the Nevada Department of Corrections
27 to disclose the names, ID number, and mailing address of inmate witnesses (Docket
28 No. 86) is hereby **DENIED as moot**.

2. Plaintiff's motion to appoint expert dental and medical witnesses (Docket No. 91) is hereby **DENIED**.

3. Plaintiff's motion to amend the scheduling order (Docket No. 108) is hereby **GRANTED**. The discovery deadline is extended by sixty days, to September 4, 2015.

4. Plaintiff's motions for copies (Docket Nos. 137, 140) are hereby **DENIED without prejudice**, except for his request regarding the Federal Rules of Civil Procedure, Docket No. 137, at 2, is **DENIED** as moot.

DATED: June 22, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

- 5 -