UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. HELFRICH,           )<br>                                                   )<br>              Plaintiff(s),       )<br>                                                   )<br>vs.                                              )<br>                                                   )<br>DWIGHT NEVEN, et al.,     )<br>                                                   )<br>              Defendant(s).     )<br>_____)  | Case No. 2:14-cv-01725-RFB-NJK<br><br>ORDER<br><br>(Docket Nos. 135, 136, 155) |

Presently before the Court is Plaintiff's motion to compel discovery of full name of John Doe SGT. who denied Plaintiff's emergency grievance filed 8/22/2014 (Docket No. 135); Plaintiff's motion to compel the ability to conduct interrogatories/admissions of all inmate witnesses, or in the alternate, motion to appoint counsel (Docket No. 136); and Plaintiff's motion to enlarge time to amend complaint (Docket No. 155). The Court will address each motion below.

**I.     MOTION TO COMPEL FULL NAME OF JOHN DOE SGT (Docket No. 135)**

Pending before the Court is Plaintiff's motion to compel discovery of full name of John Doe SGT. who denied Plaintiff's emergency grievance filed 8/22/2014. Docket No. 135. Defendants filed a response. Docket No. 144. Plaintiff did not file a reply. *See* Docket.

Plaintiff requests an order compelling Defendants to disclose the name of the sergeant that denied his emergency medical grievance on August 22, 2014. Docket No. 135. Plaintiff represents that this information is necessary in order to get the sergeant's testimony which he submits is critical to his claims in this case. *Id.*, at 3. Defendants represent that they have already provided Plaintiff

1  this information in their response to Plaintiff's interrogatory. Docket No. 144. Specifically,
2  Defendants assert that on May 21, 2015, they timely responded to Plaintiff's interrogatory and
3  answered that "Sergeant Robert Owens denied Plaintiff's Emergency Grievance dated August 22,
4  2014." *Id.*, at 2; Docket No. 144-1, at 3.

5  Parties are required to engage in good faith efforts to resolve discovery disputes. *See* Local
6  Rule 26-7(b). "Discovery motions will not be considered unless a statement of the movant is
7  attached thereto certifying that, after personal consultation and sincere effort to do so, the parties
8  have been unable to satisfactorily resolve the matter." Local Rule 26-7(b). "The purpose of [the
9  meet and confer] rules is simple: to lessen the burden on the court and reduce the unnecessary
10 expenditure of resources by litigants, through promotion of informal, extrajudicial resolution of
11 discovery disputes." *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993).
12 Plaintiff failed to attach a certification as required under Local Rule 26-7, and it appears that Plaintiff
13 did not attempt to resolve this dispute with Defendants' counsel before filing this motion. *See*
14 Docket No. 135. Because Defendants have already provided an answer to the information sought
15 in Plaintiff's motion to compel, Plaintiff's motion to compel discovery of full name of John Doe
16 SGT. who denied Plaintiff's emergency grievance filed 8/22/2014 (Docket No. 135) is hereby
17 **DENIED** as moot.

18 **II.    MOTION TO COMPEL THE ABILITY TO CONDUCT INTERROGATORIES/
         ADMISSIONS OF INMATE WITNESSES, OR IN THE ALTERNATIVE, MOTION
19       TO APPOINT COUNSEL (Docket No. 136)**

20 Pending before the Court is Plaintiff's motion to compel the ability to conduct
21 interrogatories/admissions of inmate witnesses, or in the alternative, to appoint counsel. Docket No.
22 136. Defendants filed a response. Docket No. 146. No reply was filed. *See* Docket.

23 Plaintiff is permitted to seek discovery from Defendants pursuant to the scheduling order.
24 However, Defendants represent that, pursuant to Administrative Regulation 750.04, correspondence
25 between inmates is prohibited unless they are co-parties. Docket No. 146, at 3; Docket No. 146-2,
26 at 9 ("Legal correspondence between NDOC incarcerated persons is allowed if they are co-
27 defendants or co-plaintiffs in active post conviction litigation or pursuant to court order is also
28 allowed"). Here, Plaintiff requests the ability to serve interrogatories and requests for admissions

1  on inmate witnesses. Docket No. 136.

2  On May 4, 2015, Defendants represented that they would contact the named inmates to
3  procure their declarations concerning their observations of the morning of September 24, 2014, and
4  submit them to Plaintiff. Docket No. 116, at 3. However, Federal Rule of Civil Procedure 26
5  governs discovery between parties in an action and, as a result, Defendants cannot compel non-
6  parties to respond to Plaintiff's discovery requests. Additionally, as explained above, before filing
7  a motion to compel, Plaintiff is required to conduct a proper meet and confer with Defendants'
8  counsel and attach a certification to his discovery motion as required under Local Rule 26-7.
9  Plaintiff has failed to attach such a certification to the pending motion. *See* Docket No. 136.

10  In the alternate, Plaintiff requests that counsel be appointed to conduct discovery of all
11  inmate witnesses. It appears that Plaintiff is actually requesting the Court to reconsider its Order at
12  Docket No. 84, denying his motion for appointment of counsel. Docket No. 136, at 4 ("[A]ny
13  layman can see what an unfair advantage Plaintiff has trying to prove his case without the aid of
14  counsel"). In that Order, the Court found that Plaintiff had not established that he is likely to succeed
15  on the merits, or that the legal issues involved are too complex to be presented adequately without
16  assistance of counsel. Docket No. 84. The Court also noted that in Plaintiff incorrectly cited Third
17  Circuit case law and that it would apply the standard adopted by the Ninth Circuit in determining a
18  motion for appointment of counsel. *Id.*

19  Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence;
20  (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an
21  intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir.
22  2003). Plaintiff's motion to reconsider does not cite, let alone attempt to comply with, the applicable
23  standards. Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of
24  finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d
25  877, 890 (9th Cir. 2000) (internal quotation marks omitted).

26  Accordingly, for the reasons state above, Plaintiff's motion to compel ability to conduct
27  interrogatories/admissions of inmate witnesses, or in the alternative, to appoint counsel (Docket No.
28  136) is hereby **DENIED**.

- 3 -

1  **III.   MOTION TO ENLARGE TIME TO FILE AMENDED COMPLAINT (Docket No. 155)**
2

3   Also pending before the Court is Plaintiff's motion to enlarge time to file an amended
4 complaint, filed on July 20, 2105.  Docket No. 155.  On August 5, 2015, Defendants filed a limited
5 opposition to Plaintiff's motion to enlarge.  Docket No. 162.

6   On May 26, 2015, the Court granted Plaintiff's motion for leave to file an amended complaint
7 at Docket No. 43.  *See* Docket Nos. 138, 139.  The Court ordered that Plaintiff had until July 15,
8 2015, to file an amended complaint.  Docket Nos. 138, 139.  Plaintiff filed the pending motion to
9 enlarge after the July 15, 2015, deadline for him to file his amended complaint.  Docket No. 155.
10 Plaintiff also filed his final amended complaint on July 20, 2015.  Docket No. 157.  Nonetheless,
11 Plaintiff represents that he needs 60 extra days to complete his amended complaint to review medical
12 records and to obtain interrogatories from witnesses.  Docket No. 155, at 2.  Defendants do not
13 oppose Plaintiff's filing of the July 20, 2015, amended complaint, but do oppose a longer extension.
14 Docket No. 162, at 2.

15   Pursuant to Local Rule 6-1(b), requests for extensions of time "made after the expiration of
16 the specified period shall not be granted unless the moving party . . . demonstrates that the failure
17 to act was the result of excusable neglect."  The Court finds good cause and excusable neglect exist
18 to extend the deadline to file an amended complaint to July 20, 2015, but do not exist for any further
19 extensions.  Accordingly, Plaintiff's motion to enlarge time to file an amended complaint (Docket
20 No. 155) is hereby **GRANTED in part** and **DENIED in part**.

21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**IV.     CONCLUSION**

Based on the foregoing:

IT IS SO ORDERED:

1. Plaintiff's motion to compel discovery of full name of John Doe SGT. who denied Plaintiff's emergency grievance filed 8/22/2014 (Docket No. 135) is **DENIED** as moot.

2. Plaintiff's motion to compel ability to conduct interrogatories/admissions of inmate witnesses, or in the alternative, to appoint counsel (Docket No. 136) is **DENIED**.

3. Plaintiff's motion to enlarge time to file an amended complaint (Docket No. 155) is **GRANTED in part** and **DENIED in part**.

DATED: August 6, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge