UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER HELFRICH,<br>　　　　　　Plaintiff,<br>vs.<br>DWIGHT NEVEN, et al.,<br>　　　　　　Defendants. | Case No. 2:14-cv-01725-RFB-NJK<br><br>ORDER<br><br><br>(Docket Nos. 201, 208) |

　　　Pending before the Court is Plaintiff's motion for production of documents. Docket No. 201. In response, Defendants filed a motion to strike Plaintiff's motion. Docket No. 208. Plaintiff filed a response to Defendants' motion and Defendants submitted a reply. Docket Nos. 211, 215.

　　　Pursuant to Local Rule 26-8, discovery-related documents are not to be filed unless ordered by the Court. *See also Woods v. Quintana*, 2015 U.S. Dist. LEXIS 170632, at *7 (D. Nev. Dec. 22, 2015). No such order has been entered by the Court in this case. *See* Docket. Plaintiff's motion for production of documents is, in fact, a Fed.R.Civ.P. 34 request for production of written documents and not a motion to compel discovery. *See* Docket No. 201. Plaintiff's filing is a discovery request that should have been served on Defendants, and is exactly the type of document that Local Rule 26-8 prohibits parties from filing on the docket.

　　　In his response to Defendants' motion to strike, Plaintiff argues that the Court should grant his motion as unopposed or, in the alternative, construe it as a motion to compel. Docket No. 211 at 2. The Court is unpersuaded. First, the document Plaintiff filed was not a motion, it was a discovery request

improperly filed on the docket.  Second, Plaintiff's attempt to restyle his request into a motion to compel in his response to Defendants' motion to strike is procedurally improper.  Further, Plaintiff's discovery request does not comply with the threshold requirement for filing a motion to compel discovery.  Fed.R.Civ.P. 26(c)(1) provides that a party bringing a motion to compel must include with the motion a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  Fed.R.Civ.P. 26(c)(1).  Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."  Plaintiff's motion fails to demonstrate he undertook such efforts here, and, therefore, fails on that additional basis.  *See ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

Accordingly, the Court **GRANTS** Defendants' motion to strike.  Docket No. 208.  *See Woods*, 2015 U.S. Dist. LEXIS 170632 at *7 (striking improperly filed discovery-related documents).  Plaintiff's improper filing, Docket No. 201, shall be **STRICKEN** by the Clerk.  The Court **ORDERS** Plaintiff to cease filing discovery documents on the docket as required by Local Rule 26-8.  Failure to abide by this order and Local Rule 26-8 may result in sanctions pursuant to, *inter alia*, Local Rule IA 4-1 or Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.

DATED: January 13, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge