UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER J. HELFRICH, | Case No. 2:14-cv-01725-RFB-NJK |
| Plaintiff, | ORDER |
| v. | |
| DWIGHT NEVEN, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment, (ECF No. 60). For the reasons stated below, the Motion is GRANTED.

## II. BACKGROUND

On October 17, 2014, Helfrich, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), initiated this lawsuit and also filed an emergency motion for preliminary injunction. (ECF Nos. 1, 4, 5). On October 29, 2014, this Court entered a screening order, which permitted some of Helfrich's claims to proceed and entered a 90-day stay to give the parties an opportunity to settle their dispute. (ECF No. 8). The Court stated that during the stay period that no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery. (ECF No. 8). The Court also stated that the filings related to the motion for preliminary injunction (ECF No. 4) are excluded from this prohibition. (ECF No. 8). That same day, the Plaintiff filed an Amended Complaint. (ECF No. 9). On January 30, 2015, the Mediator reported a settlement had not been reached. (ECF No. 46).

On May 26, 2015, the Court held oral argument in which over 20 motions were decided upon. (ECF No. 138). On June 22, 2015 the Court entered a scheduling order. The Court extended discovery until September 14, 2015. (ECF No. 149).

Plaintiff filed his Amended Complaint on July 20, 2015. (ECF No. 157). On October 5, 2015, the Court held another hearing which discussed numerous motions. (ECF No. 188). The Court granted Defendant's Motion for More Definite Statement and gave Plaintiff 21 days to refile an amended complaint. Between October 26, 2015 and June 30, 2016, Plaintiff filed numerous motions, addressed at a hearing on July 25, 2016. (ECF No. 277).

At that hearing, the Court denied numerous motions for injunctive and other relief, and ordered the following: Plaintiff would have 21 days, until August 15, 2016, to file a "final, clarified version of the July 20, 2016 amended complaint in accordance with the Court's prior instructions at the October 2015 hearing. Failure to do so will result in this case being dismissed with prejudice. No further extensions will be granted." The Court admonished that Plaintiff had to properly amend his complaint, "because otherwise if that's not done, and I want to be clear about this, right, your complaint will be dismissed and your case will be dismissed. And I also want to be clear I am not going to grant any further extensions of this deadline. You have 21 days from today to file your July – clarification as previously directed of your July 20th, 2015, amended complaint. If that's not done in that time frame, your case will be dismissed. Do you understand." Helfrich replied, "Yes."

Regarding the records that are the subject of Helfirch's subsequent filings, the Court stated: "Now, Mr. Helfrich, it's not my finding that the records that you are going to be looking at are actually necessary [for the filing of the clarified / amended complaint]. There's no indication from what I've seen now that they actually had those records . . . so I don't find that those records are necessary for you to file your amended complaint. Your amended complaint is about not receiving proper treatment for a condition and potential retaliation." Tr. at 20, Jul. 25, 2016.

Dispositive motions were due September 5, 2016. Responses were due two weeks from that date on September 19, 2016, with Replies due two weeks thereafter on October 3, 2016. On August 22, 2016, Helfrich filed a Motion to Extend Time to file his Amended Complaint. (ECF

No. 283). In a Minute Order on September 1, 2016, the Court granted the extension, giving Plaintiff until September 15, 2016, to file a final amended complaint, and setting a deadline for dispositive motions of September 29, 2016. Plaintiff has not filed any Amended Complaint.

Plaintiff filed a Motion for a hearing re ( ECF No. 275) Order to Produce Document and a Motion for Appointment of Counsel on September 1, 2016. (ECF Nos. 287, 288). Plaintiff filed a Motion for Sanctions on September 6, 2016. (ECF No. 289). Defendants filed a Motion for Summary Judgment on September 28, 2016. (ECF No. 297). Plaintiff never responded to that Motion. Defendants filed a notice of non-opposition on July 6, 2017. (ECF No. 305).

### III. DISCUSSION

At the hearing on July 25, 2016, the Court gave Plaintiff 21 days to file the amended complaint, clearly stating that failure to do so would result in dismissal of the case. The Court stated that any delay in receipt of the requested medical documents—subject of (ECF No. 275) Order—were not relevant to the necessary revisions, and could not serve as a basis for any further delay. The minute order reiterated this ruling, listing the due date of August 15, 2016, and stating that "No further extensions shall be granted. Nonetheless, on September 1, 2016, the Court in a minute order granted Plaintiff's Motion for an Extension of Time, giving Plaintiff until September 15, 2016 to file a final amended complaint. Plaintiff has not filed any amended complaint.

The instant Motion for Summary Judgment was filed on September 29, 2016. (ECF No. 297). Plaintiff has filed no response. FRCP 56(e) states, "Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order." Pursuant to the Court's prior order regarding the amended complaint, and FRCP 56(e)(4), the Court will dismiss this case for violation of the Court's order and for failure to prosecute.

The Court finds that that motion by the Defendants supports a finding that the Plaintiff's case should be dismissed for failing to establish that a genuine issue of material fact exists to

support any claim of the Plaintiff. Plaintiff has failed to provide any admissible evidence to rebut the Defendants' argument and evidence. Plaintiff's claims are all therefore dismissed.

The Court further finds that dismissal is appropriate in light of Mr. Helfrich's conduct prior to and at the hearing on July 12, 2017. Mr. Helfrich provided no explanation for his failure to file an amended complaint, in spite of the Court's warning of possible dismissal. Plaintiff has failed to respond to the Motion for Summary Judgment; did not comply with a direct order of the Court in spite of a warning that non-compliance could lead to dismissal; and reacted hostilely and inappropriately to the Court's inquiries at a hearing. As such, the Court finds that granting the Motion for Summary Judgment and dismissing this case is "an appropriate order" under FRCP 56(e)(4). Plaintiff has demonstrated an unwillingness to abide by the orders of the Court and comport himself in a manner necessary to pursue this litigation.

### IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that [297] Defendants' Motion for Summary Judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

DATED: September 29, 2017

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**